Yabucoa Sugar Co., Plaintiff and Appellant, *v.* Municipality of Yabucoa, Defendant and Appellee.

No. 3530. Argued April 30, 1925.—Decided May 26, 1925.

1. COSTS—INJUNCTION—INTERLOCUTORY MATTER—TEMERITY.—Although judgment may be rendered finally for a party in the principal action, if that party proceeds improperly and with temerity in an interlocutory matter he may be adjudged to pay the costs incurred by reason of his acts.

2. ID.—ID.—ID.—APPEAL—SUPERSEDEAS BOND.—Costs having been imposed upon a defendant in a preliminary injunction proceeding within a suit and the costs judgment having been affirmed by the Supreme Court in a separate proceeding, a supersedeas bond to stay execution of the judgment rendered in the suit on appeal to the Circuit Court does not prevent the collection of the costs imposed in the preliminary injunction proceeding.

3. ID.—ID.—ID.—DISCRETION OF COURT.—The district court did not abuse its discretion in fixing the attorney's fees at $300.

District Court of Homacao, Pablo Berga, J. Order allowing costs. *Affirmed.*

*Francisco González Fagundo* for the appellant. *José Soto Rivera* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The Yabucoa Sugar Company brought an action in the District Court of Humacao against the municipality of Yabucoa for the annulment of an ordinance imposing a tax of five cents on each quintal of sugar manufactured. At the

same time it filed a petition for an injunction to restrain the municipality from collecting the tax while the action was pending. The injunction was denied and on appeal the order was affirmed by the Supreme Court. The case was sent back and the prevailing party filed a memorandum of costs amounting to $8 for clerk's fees and $3,000 for attorney's fees. The court heard both parties and reduced the clerk's fees to $2 and the attorney's fees to $300, ordering that they be paid.

The plaintiff took the present appeal and assigns that the court erred (1) in ordering the payment of costs in an interlocutory matter, (2) in ordering the payment of the costs while the execution of the judgment in the principal action was stayed by an appeal to the Circuit Court, and (3) in fixing the amount of the attorney's fees.

[1] The first assignment is without merit. As the appellee maintains, although judgment may be rendered finally for a party in the principal action, if that party proceeds improperly and with temerity in an interlocutory matter he may be adjudged to pay the costs incurred by reason of his acts. In this case the injunction was treated independently, although, of course, it was related to the principal action. It must be borne in mind that the judgment of the district court in the injunction proceeding in which the costs were imposed was affirmed on appeal and is now final.

[2] The second question is intimately related to the first. In the action for the annulment of the ordinance the district court also rendered judgment against the plaintiff. On appeal it was affirmed by the Supreme Court. Thereupon the plaintiff appealed to the Circuit Court of Appeals, giving a supersedeas bond, and that appeal has not been decided. The supersedeas order did not extend to the judgment rendered in the injunction proceeding. It was limited to the judgment in the principal action. Such being the case, and as costs may be imposed separately in an interlocutory matter regardless of the final result in the principal action,

the district court did not err in overruling the plaintiff's objection on that point.

The appellant cites no statute or jurisprudence in support of its contention.

[3] Nor is the third assignment meritorious. We have examined the record and can not find that the district court abused its discretion in estimating the value of the work done by the attorney for the municipality at the sum of $300.

The order appealed from must be affirmed.

### ON RECONSIDERATION.

#### June 26, 1925.

BY THE COURT: A motion has been made for reconsideration of the judgment rendered by this court on May 26, 1925, and it is insisted that costs can not be imposed in a matter incidental to a suit.

In this case a preliminary injunction was petitioned for and after both parties had been heard it was denied with costs on April 18, 1923. An appeal was taken from the decision and it was affirmed by this court on June 16, 1924. Thereupon the prevailing party filed a memorandum of costs and the Yabucoa Sugar Company objected only to the item of attorney's fees as excessive. To a certain extent the court sustained its objection. The amount claimed as attorney's fees was $3,000, the Yabucoa Sugar Company alleged that the work was worth only $150 and the court allowed $300.

The defeated party appealed and raised for the first time in its brief the question of the authority of the court to impose costs in an interlocutory matter, a question which should have been considered in the appeal from the interlocutory order.

Under such circumstances, and the court not having been convinced that the question is jurisdictional or that its opinion of May 26th is erroneous, the motion for reconsideration is overruled.